IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN REYNOLDS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-56 |
| GARY RHODES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Michael Lynn Reynolds, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Gary Rhodes, the County Attorney of Shelby County, Texas, Sheriff Willis Blackwell and Chief Deputy Sheriff Kevin Windham.[1] This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff complains that he was unlawfully detained in the Shelby County Jail. He states Defendant Rhodes obtained a warrant for Plaintiff's arrest based on his failure to appear in court. Plaintiff asserts the charges that led to the warrant being issued were misdemeanors and no court date had been set requiring him to appear. Plaintiff says that at the time he was arrested, he had a *pro se* motion pending in his criminal case seeking discovery. He contends Defendant Rhodes obtained the warrant before complying with the motion for discovery.

Plaintiff states Defendants Blackwell and Windham have refused to release him from jail and continue to detain him. He alleges they contend it is not their responsibility to determine whether his detention is lawful.

---

[1] Plaintiff originally also named Allison Harbison and Jerica Moore as Defendants. The court has entered an Order (Doc. #22.) permitting Plaintiff to remove Ms. Harbison and Ms. Moore as Defendants and add Kevin Windham as a Defendant.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity, or an officer or employee of a governmental entity, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A complaint is subject to dismissal for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claim Against Defendant Rhodes*

Plaintiff asserts Defendant Rhodes acted improperly when he obtained a warrant for his arrest. Criminal prosecutors enjoy absolute immunity from claims for money damages asserted under Section 1983 for actions taken in the presentation of a criminal case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying a case through the judicial process. *Graves*, 1 F.3d at 318. Absolute immunity shields prosecutors even when they initiate prosecution maliciously, wantonly or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). However a prosecutor is only entitled to qualified immunity for administrative functions and investigatory functions that do not relate to preparing a case for prosecution or judicial proceedings. *Loupe v. O'Brannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Plaintiff faults Defendant Rhodes for obtaining a warrant that resulted in his arrest. This action was done as part of initiating the prosecution of a criminal case and carrying the case through the judicial process. Defendant Rhodes is therefore entitled to absolute prosecutorial immunity with respect to Plaintiff's request for money damages.

*Claim Against Defendants Blackwell and Windham*

Plaintiff argues that as his arrest was improper, Defendants Blackwell and Windham should have released him from jail. For the reasons set forth below, these defendants are also entitled to absolute immunity to Plaintiff's request for money damages.

Judges have absolute judicial immunity to claims for money damages based upon judicial acts performed in judicial proceedings. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Judicial officers are entitled to absolute immunity with respect to lawsuits arising out of acts performed in the exercise of their judicial function. *Graves*, 1 F.3d at 317. Absolute immunity applies unless the challenged action was not taken in the judge's judicial capacity or was taken in the complete absence of all jurisdiction. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009).

In *Mays, supra*, the United States Court of Appeals for the Fifth Circuit held that a judge's absolute immunity also extends to governments officials who are executing facially valid judicial orders of a court with proper jurisdiction. 97 F.3d at 113. The court stated subjecting officials who execute facially valid judicial orders to liability would be unfair as an official charged with executing such an order has no choice but to do so. *Id*.

This case is similar to *Harry v. Lauderdale Cty.*, 212 F. App'x 344 (5th Cir. 2007). In *Harry*, the plaintiff sued, *inter alia*, a sheriff who imprisoned him pursuant to a an order signed by a judge who found the plaintiff in contempt. The judge who signed the order was also named as a defendant. The Fifth Circuit held that the judge was entitled to absolute immunity and that, as a result, the sheriff was also entitled to absolute immunity because he imprisoned the plaintiff pursuant to a facially valid judicial order. 212 F. App'x at 347.

*Bartholomew v. Tinson*, No. 12-2091, 2012 WL 6201881 (E.D.La. Oct. 25, 2012), is also similar. In that case, a warden continued to detain the plaintiff pursuant to a judicial order that he be arrested. The plaintiff had unsuccessfully tried to meet with the warden to explain that he was wrongfully detained. The warden then relayed a message to the plaintiff stating that he was being detained as a result of court order. The United States District Court for the Eastern District of Louisiana held that as the judge acted within his jurisdiction, and as the plaintiff was being detained pursuant to a facially valid judicial order, the warden was entitled to absolute immunity. *Bartholomew*, 2012 WL 6201881, at *3.

In this case, Plaintiff alleged his continued detention by Defendants Blackwell and Windham was unlawful. However, Plaintiff acknowledges he was arrested pursuant to a warrant, which would have been signed by a judicial officer. While Plaintiff contends the warrant should not have been sought or issued, he does not assert the warrant was facially invalid or that the judicial officer who signed the warrant was acting in the complete absence of jurisdiction. As Defendants Blackwell and Windham continued to detain Plaintiff pursuant to a facially valid judicial order, they, like the defendants in *Harry* and *Bartholomew*, are entitled to absolute immunity with respect to Plaintiff's request for money damages.[2]

## Recommendation

This civil rights lawsuit should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

---

[2] Plaintiff also appears to seek injunctive relief in the form of a court order directing that his bond be reduced. However, Plaintiff subsequently notified the court of a change of address (Doc. #21.). The new address indicated Plaintiff was no longer incarcerated. As a result, his request for a reduced bond is moot.

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 7th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE